### DOWDEN *v.* CALVIN *et al.*

*(Common Pleas of New York City and County, General Term.* June 28, 1888.)

NEGOTIABLE INSTRUMENTS—TAKING UP FORMER NOTE—ACCOMMODATION PAPER.

Where defendants, whose names had been signed to a note without authority, gave the payee a new note in place of the old, at the latter's request, the question whether the new note was an accommodation note, or was given because defendants did not dispute their liability on the former note, was for the jury.

Appeal from trial term.

Action on a promissory note, brought by George A. Dowden against John Calvin and Thomas Wright. The court directed a verdict for plaintiff, and defendants appeal. The defendants carried on business under the name of Calvin & Wright, and employed one Louis La Farge as their book-keeper, giving him power to sign checks on the bank-account only. Plaintiff lent La Farge various sums of money, which he claimed to have believed were used in defendants' business, and the note in question was given for part of the money so lent. La Farge had represented to him that he was the owner of the business, and was carrying it on in the name of Calvin & Wright, who were only his employes. The note was given without the knowledge of Calvin & Wright. La Farge soon after died, and during his last illness plaintiff first learned that the note was given without authority. He then requested defendants to give him a new note to take up the former, which he had discounted, and save his credit at the bank. Defendants consented, and executed the note in suit.

Argued before VAN HOESEN and ALLEN, JJ.

*William B. Ellison,* for appellants. *Herman Kobbe,* for respondent.

PER CURIAM. If the note in suit was given for the accommodation of Dowden, (and we think the jury might reasonably have drawn that conclusion from the testimony,) he cannot recover upon it. Whether the note was an accommodation note, or whether it was given because the defendants did not dispute their legal liability upon the former note that was signed in their names by La Farge, is the question that ought to have been submitted to the the jury. It was, in our opinion, an error to direct a verdict. There is no question of usury in the case. Judgment reversed, and a new trial ordered, with costs to abide the event.